### THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| LARRY LAMPLEY, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 9:20-cv-100 |
| | ) | |
| UNIFIN, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Larry Lampley, by and through the undersigned counsel, and for his Complaint against Defendant Unifin, Inc. under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

### JURISDICTION

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3.      Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4.      Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5.      At the time of the occurrence, Plaintiff resided in the city of Tenaha, a part of Shelby County, Texas 75974.

6.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Tenaha, a part of Shelby County, Texas 75974, making Lufkin a proper venue under 28 U.S. Code § 1391(b)(2).

7.      Defendant, an Illinois corporation headquartered in Cook County, Illinois practices as a debt collector throughout the country, including Texas.

8.      Defendant attempts to collect alleged debts throughout the state of Texas, including in Tenaha city and Shelby county.

9.      Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10.     Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Tenaha city and Shelby county and Defendant attempts to collect alleged debts throughout the state of Texas.

11.      Defendant knowingly attempted to collect on a debt allegedly incurred in Tenaha, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13.     Defendant's collection activities violated the FDCPA.

14.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the

right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws

and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview

Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15

U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury

in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently

concrete injury because he alleges that [Defendant] denied him the right to information due to him

under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at

*3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy

injury-in-fact requirement).

16.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm,

it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

17.     Plaintiff Larry Lampley (hereafter "Plaintiff"), is a natural person currently residing in

Texas.

18.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19.     Defendant, Unifin, Inc. ("Unifin") is an Illinois corporation with its principal place of

business at 5996 W. Touhy Avenue, #2000, Niles, Illinois 60714.

20.     Defendant is engaged in the business of a collection agency, using the mails and

telephone to collect consumer debts originally owed to others.

21.     Defendant regularly collects or attempts to collect defaulted consumer debts due or

asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

22.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

23.     On or about May 15, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

24.     The debt was allegedly incurred for medical treatment by Plaintiff.

25.     The alleged debt was thus primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     During the telephone call, a representative identified herself working for Defendant.

28.     Plaintiff stated he wanted to dispute the debt.

29.     Defendant's representative immediately began to overshadow Plaintiff's rights to dispute the alleged debt.

30.     Defendant's representative began to make assumptions as to the alleged debt by saying that insurance did not cover the bill and that she was sure a hospital bill would have been higher than what he allegedly owed on the debt.

31.     Defendant's representative attempted to confuscate the dispute process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

32.     Defendant's representative told Plaintiff that she did not understand when he stated he wanted to dispute.

33.     Then, Defendant's representative told Plaintiff that she could mark the account as disputed, but that the debt was only fifty dollars so he should resolve it.

34.     Defendant's representative next changed her statement and then said that she could not mark the account as disputed for him and that he would have to try on his own behalf to get the account taken care of.

35.     Defendant's representative should have marked the account as disputed and ceased further communication until proper validation could be obtained.

36.     Instead, Defendant attempted to pressure Plaintiff into paying the alleged debt and shame him into make a payment he did not feel he owed by commenting that it was a small amount.

37.     Moreover, Defendant's representative continued the call by saying that there was no way she could mark the account as disputed.

38.     Plaintiff is absolutely entitled to dispute the alleged debt with the third-party debt collector. Plaintiff does not have to seek the aid or inquire with any other parties. Telling Plaintiff otherwise is a flat out lie and adds unnecessary obstacles for a consumer trying to dispute the alleged account.

39.     Plaintiff then asked Defendant how he should dispute the account after she refused to accept his proper dispute. She informed him that he needed to call his insurance or the hospital but that she cannot guide him.

40.     Again, Plaintiff had already properly effectuated his dispute, and Defendant's statements to the contrary are completely contradictory to Plaintiff's rights.

41.     Defendant's representative then again told Defendant that the bill was only fifty dollars and eleven cents and then implied that Plaintiff should pay the alleged debt rather than go through all of the steps she stated were necessary to dispute the alleged debt.

42.     In reality, Plaintiff had already done all that was required to dispute the alleged debt. Defendant's representative essentially made up more steps for Plaintiff to follow in an attempt to convince him that paying the alleged debt was the favorable option.

43.     Defendant could have no other purpose in making all of these egregious statements unless it were attempting to coerce Plaintiff into making a payment on an account that he clearly did not feel was proper and would have otherwise not paid.

44.     Defendant attempted to circumvent Plaintiff's right to dispute the alleged debt by trying to force Plaintiff to make a payment even after knowing Plaintiff wished to dispute the debt.

45.     Attempting to receive payment on a disputed debt is entirely improper and harassing in nature.

46.     These statements are flat out false and misleading and contradict the statutory language of the FDCPA.

47.     Defendant's statements were deceptive and made in an attempt to prevent Plaintiff from disputing the account.

48.     Defendant knew, or should have known, that all of the above statements were false, misleading, and harassing in nature.

49.     All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

50.     Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

51.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

52.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendants' conduct.

53.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

54.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

55.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

56.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

57.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

58.     Defendant's collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

59.     Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

60.     Defendant's collection efforts only serve to confuse and mislead the consumer.

61.     Defendant's collection efforts were materially false, misleading, and deceptive.

62.     Defendant's violation of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Larry Lampley prays that this Court:

    A.    Declare that Defendant's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Larry Lampley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

63.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

64.    Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

65.    Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

66.    Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Larry Lampley prays that this Court:

    A.    Declare that Defendant's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Larry Lampley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA – Unfair Practices

67.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

69.     Defendant's communications with Plaintiff were deceptive and misleading.

70.     Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

71.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Larry Lampley prays that this Court:

A.     Declare that Defendant's debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Larry Lampley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

## JURY DEMAND

72.     Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 13, 2020

Respectfully Submitted,

**HALVORSEN KLOTE**

By:  /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
greg@hklawstl.com
*Attorneys for Plaintiff*